IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FRED FISHER, | No. CIV S-09-0729-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| STEVE CAMBRA, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 11).

**I.  BACKGROUND**

Petitioner was convicted of forcible lewd acts upon a child under the age of fourteen and, on May 1, 1995, he was sentenced to a determinate prison term of six years. The conviction and sentence were affirmed on direct appeal by the California Court of Appeal on October 22, 1996. The California Supreme Court denied review of January 15, 1997. With the assistance of retained counsel, petitioner then filed one state court post-conviction action in the

1

California Supreme Court on January 12, 1998, which was denied on April 29, 1998.

On May 4, 1998 – while the above-referenced state court post-conviction action was still pending – petitioner filed a federal habeas corpus petition in this court.  The matter was docketed as Fisher v. Cambra, CIV-S-98-0787-WBS-DAD-P.  The petition was denied on the merits and judgment was entered on October 10, 2001.  Petitioner appealed to the Ninth Circuit Court of Appeals, which affirmed the judgment on June 20, 2003.  The United States Supreme Court denied certiorari on January 12, 2004.

On November 29, 2004, petitioner was released on parole.  Parole was discharged on March 11, 2005.

The instant action was initially filed in the United States District Court for the Northern District of California on February 4, 2009, and transferred to this court on March 17, 2009.

## II.  DISCUSSION

Respondent argues that this petition must be dismissed because: (1) it is a second or successive petition filed without first obtaining leave of the Ninth Circuit; (2) it is untimely; and (3) petitioner no longer meets the "in custody" requirement.[1]

**A.   Second or Successive Petition**

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed."  Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the

---

[1] Respondent also argues that the petition should be dismissed because petitioner's claims are conclusory.

exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). Neither the United States Supreme Court nor the Ninth Circuit has decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the merits. The Second Circuit has concluded that such a dismissal is a merits determination. See Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005). While not directly answering the question, the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005). Other courts have followed Murray. See Mullins v. Horel, 2008 WL 3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006). This court agrees with the Murray conclusion. In particular, a dismissal without prejudice for lack of exhaustion, which holds open the possibility of a future merits adjudication, is distinguishable from a timeliness dismiss, which is with prejudice to returning to federal court. Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

/ / /

/ / /

1        Clearly, the instant federal petition is successive of the 1998 action in this court
2 because both petitions relate to the same conviction and sentence and the prior petition was
3 denied on the merits.  In the prior federal petition, petitioner argued that he received ineffective
4 assistance of appellate counsel, and that the trial court erred in admitting evidence of uncharged
5 misconduct.  In the instant petition, petitioner argues improper "charges and instructions to jury
6 by jury trial" and "ineffectual assistance of counsel."[2]  Because petitioner did not obtain leave
7 from the Ninth Circuit before filing the current federal petition, the court agrees with respondent
8 that it must be dismissed as second or successive.

   **B.    Timeliness**

10        Federal habeas corpus petitions must be filed within one year from the later of: (1)
11 the date the state court judgment became final; (2) the date on which an impediment to filing
12 created by state action is removed; (3) the date on which a constitutional right is newly-
13 recognized and made retroactive on collateral review; or (4) the date on which the factual
14 predicate of the claim could have been discovered through the exercise of due diligence.  See 28
15 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court
16 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
17 review.  See 28 U.S.C. § 2244(d)(1).

18        Where a petition for review by the California Supreme Court is filed and no
19 petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
20 begins running the day after expiration of the 90-day time within which to seek review by the
21 U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no
22 petition for review by the California Supreme Court is filed, the conviction becomes final 40
23 days following the Court of Appeal's decision, and the limitations period begins running the

---

[2] It is unclear whether petitioner's ineffective assistance of counsel claim relates to appellate or trial counsel and, if it relates to appellate counsel, whether it is the same claim he raised in the prior petition.

1 following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the
2 Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the
3 state trial court, and the limitations period begins running the following day.  If the conviction
4 became final before April 24, 1996 – the effective date of the statute of limitations – the one-year
5 period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187
6 F.3d 1104, 1105 (9th Cir. 1999).

7           The limitations period is tolled, however, for the time a properly filed application
8 for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
9 "properly filed," the application must be authorized by, and in compliance with, state law.  See
10 Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.
11 DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a
12 state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
13 and the failure to comply with those time limits precludes a finding that the state petition is
14 properly filed).  A state court application for post-conviction relief is "pending"during all the
15 time the petitioner is attempting, through proper use of state court procedures, to present his
16 claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered
17 "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549
18 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
19 petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
20 state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
21 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
22 untimely, the federal court must independently determine whether there was undue delay.  See id.
23 at 226-27.
24 / / /
25 / / /
26 / / /

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.

In this case, the California Supreme Court denied direct review on January 15, 1997.  Thus, the limitations period began to run the day after expiration of the 90-day period within which to seek certiorari in the United States Supreme Court – April 16, 1997.  Petitioner's only state post-conviction action was filed on January 12, 1998.  By this time, 271 days of the one-year limitations period had expired.  Respondent concedes that petitioner is entitled to statutory tolling for the entire time the post-conviction action was pending in the California Supreme Court.  The limitations period began running again after the California Supreme Court denied relief on April 29, 1998, and expired 94 days later on August 1, 1998.  Petitioner is not entitled to any tolling during the time the prior federal action was pending because statutory tolling only applies to properly filed state court actions.  Because the current federal petition was filed in 2009 – over ten years after expiration of the limitations period in 1998 – the court agrees with respondent that it must be dismissed, with prejudice, as untimely.

**C.    "In Custody" Requirement**

Finally, the court also agrees with respondent that petitioner cannot invoke jurisdiction under 28 U.S.C. § 2254 because he no longer meets the "in custody" requirement.  Specifically, petitioner was released on parole in 2004 and his parole was discharged in 2005.  Because petitioner no longer suffers any restraint from the state court judgment being challenged, he is not "in custody" within the meaning of § 2254.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).  For this reason, the petition must be dismissed with prejudice.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 19, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE